UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 24-43757

BRANDON S. MCEACHIN,                                Chapter 13

        Debtor.                            Judge Thomas J. Tucker
_____/

CHRISTI DUMAR,

        Plaintiff,

v.                                                  Adv. No. 24-4311

BRANDON S. MCEACHIN,

        Defendant.
_____/

**ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS
THE PLAINTIFF'S FIRST AMENDED COMPLAINT**

      This adversary proceeding is before the Court on the Defendant Debtor's motion to dismiss the Plaintiff's first amended complaint (Docket # 18, the "Motion"). The Plaintiff's first amended complaint (Docket # 6) seeks a determination that the Defendant Debtor's $426,928.33 judgment debt to the Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6). The Plaintiff filed a response objecting to the Motion (Docket # 21).

      The Court concludes that a hearing on the Motion is not necessary, and the Motion must be granted, subject to the terms of this Order.

      The problem with the Plaintiff's first amended complaint is that the Defendant is a Chapter 13 Debtor with a confirmed plan, and the first amended complaint pleads only an exception to discharge under 11 U.S.C. § 523(a)(6). It does not include a claim for an exception

to discharge under 11 U.S.C. § 1328(a)(4).  But § 523(a)(6) could apply only if and after (1) the Chapter 13 case is converted to Chapter 7;[1] or (2) the Debtor seeks and obtains a hardship discharge under 11 U.S.C. § 1328(b).[2]  Neither of these events has occurred.  If the Debtor completes his confirmed Chapter 13 plan and obtains a discharge under 11 U.S.C. § 1328(a), then § 523(a)(6) will not apply to prevent the discharge of the debt in question.  *See* 11 U.S.C. § 1328(a)(2).  For these reasons, the Plaintiff's nondischargeability claim under § 523(a)(6) is not yet ripe for adjudication, and it may never become ripe.

For these reasons, the Court must grant the Motion, subject to the terms of this Order.

The Court will allow the Plaintiff an opportunity to file another amended complaint, to cure the pleading deficiency noted above.

Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 18) is granted, subject to the terms of this Order.

2. The Plaintiff's first amended complaint (Docket # 6) is dismissed, without prejudice to the Plaintiff's right to file an action under 11 U.S.C. § 523(a)(6) if and after (1) the Chapter 13 case is converted to Chapter 7; or (2) the Debtor seeks and obtains a hardship discharge under 11 U.S.C. § 1328(b).

3. The dismissal of the Plaintiff's first amended complaint also is without prejudice to the following extent: the Plaintiff is granted leave to file an amended complaint no later than October 3, 2024, alleging nondischargeability under 11 U.S.C. § 1328(a)(4).

4. If the Plaintiff timely files an amended complaint as permitted by paragraph 3 of this Order, then this adversary proceeding will remain pending.  If the Plaintiff does not do so, however, the Court will enter an Order making this Order a final judgment, and this adversary

---

[1] *See* 11 U.S.C. § 727(b).

[2] *See* 11 U.S.C. § 1328(c)(2) (A hardship discharge does not discharge "any debt . . . of a kind specified in section 523(a) of this title.").

proceeding will be closed, without further notice or hearing.

**Signed on September 19, 2024**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**

3